IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROY A. DAY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 12-1567-LPS |
| | : | |
| STATE OF FLORIDA, | : | |
| | : | |
| Defendant. | : | |

---

Roy A. Day, Tarpon Springs, Florida, Pro Se Plaintiff.

**MEMORANDUM OPINION**

April 8, 2013
Wilmington, Delaware

**STARK, U.S. District Judge:**

**I. INTRODUCTION**

Plaintiff Roy A. Day ("Plaintiff") resides in Tarpon Springs, Florida. He appears *pro se* and has been granted leave to proceed *in forma pauperis*.

**II. BACKGROUND**

Plaintiff is a resident of the State of Florida. Plaintiff was employed at a Wal-Mart store in Hudson, Florida when, in 2009, a co-worker accused him of stalking her. Plaintiff's employment was terminated and he was arrested by the Pasco County Sheriff's Office. He was charged with criminal misdemeanor stalking, *State v. Day*, Crim. No. 09-4772MMAWS, tried, convicted, and sentenced to 300 days in the Pasco County Detention Center. *See In re Roy Day Litigation*, 2011 WL 550207, at *2 (M.D. Fla. Feb. 9, 2011). Plaintiff has filed seven lawsuits in this Court, all related to the criminal misdemeanor case filed against him on July 6, 2009 in the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida. This is one of the seven cases.

Pursuant to 28 U.S.C. § 1915(e), this Memorandum Opinion and Order screens the Complaint filed against the State of Florida for the alleged violations of Plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983.[1] The instant complaint names the State of Florida as a defendant and is described as a criminal appeal of Criminal No. 09-4772MMAWS, Pasco

---

[1] On November 26, 2012, Plaintiff filed two lawsuits in this Court: one against F.B.I. agent Steve E. Ibison ("Ibison") and the other against the State of Florida. The Complaint filed against Ibison, Civ. No. 12-1566-LPS, alleges that Ibison failed to conduct an investigation or contact Plaintiff following a December 3, 2010 letter of complaint claiming false imprisonment in the Pasco County Detention Center and alleged criminal conduct by various officials. That case is the subject of a separate screening order.

County, Florida, with all remedies in the Florida criminal courts having been exhausted. (*See* D.I. 2 at ¶ 4)

### III. <u>LEGAL STANDARDS</u>

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a

Case 1:12-cv-01567-LPS Document 22 Filed 04/08/13 Page 4 of 7 PageID #: 154

complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *See id.* The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *See id.* at 210-11. The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 211. In other words, the complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## IV. DISCUSSION

### A. Vexatious Litigant

Plaintiff alleges that he has been denied meaningful access to the Florida courts because he is "a pauper and homeless with no money for an unconstitutional $4,000 filing fee." (D.I. 2 at ¶ 4) Research indicates that the $4,000 is not a filing fee but a sanction imposed upon Plaintiff due to his vexatious and abusive litigatious activities.

On December 15, 1995, a recommendation was filed in the United States District Court for the Middle District of Florida ("Florida District Court") recounting in detail Plaintiff's history of vexatious and abusive litigation.[2] *See In re Roy Day Litigation*, 976 F. Supp. 1455 (M.D. Fla. 1995). On December 18, 1995, the presiding district judge adopted the recommendation and an Order was entered that provides for screening and the imposition of a sanction of not less than $1,000 upon the finding that a proposed complaint filed by Plaintiff is frivolous. *See In re Roy Day Litigation*, Case No. 95-143-MISC-J (M.D. Fla. Dec. 11, 1995) at D.I. 1. Plaintiff continued filing and, as a result of four attempted frivolous filings, $4,000 in sanctions were imposed. *See In re Roy Day Litigation*, 2011 WL 550207, at *1. Undeterred by the sanctions, Plaintiff continued to file complaints. *Id.* This resulted in an order directing the Clerk of Court to not accept any filings from Plaintiff until he satisfies the monetary sanctions. *Id.* Thereafter,

---

[2]Plaintiff has also been found to be a vexatious litigant by the United States Supreme Court and the District Court of Appeal of Florida, Second District. *See Day v. Day*, 510 U.S. 1 (1993); *Day v. Vinson*, 713 So. 2d 1016 (Fla. Dist. Ct. App. 1998).

4

Plaintiff began filing his lawsuits in this Court, in an apparent effort to avoid the effect the Florida sanctions have upon his efforts to file lawsuits there.[3]

### B. <u>Eleventh Amendment</u>

The sole defendant in this case is the State of Florida. The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). In *Zatler v. Wainwright*, the Eleventh Circuit found that Congress did not intend to abrogate a state's Eleventh Amendment immunity in § 1983 damage suits, and Florida has not waived its sovereign immunity in such suits. *See Zatler*, 802 F.2d 397, 400 (11th Cir. 1986) (stating Secretary of Florida Department of Corrections was immune from suit in his official capacity where § 1983 complaint alleged that prison officials failed to protect prisoner from sexual assault). The State of Florida has sovereign immunity. *See Gross v. White*, 340 F. App'x 527, 530 (11th Cir. July 17, 2009).

Therefore, the Court will dismiss the Complaint as Defendant is immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).[4]

---

[3]Although the case is not properly venued in the District of Delaware, the Court may not dismiss the case *sua sponte* on the grounds of improper venue. *See Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976).

[4]Plaintiff's recent letters to the Court (D.I. 20, 21) do not impact the Court's analysis.

## V. <u>CONCLUSION</u>

For the above reasons, the Court will dismiss the Complaint the pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). All pending motions will be denied as moot.

An appropriate Order follows.